

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS.
WR-82,619-01 AND WR-82,619-02

**EX PARTE EDWARD HINOJOSA, Applicant**

ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 1055437-A AND 1042235-A
IN THE 262ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Upon his pleas of guilty, Applicant was convicted of possession of cocaine with intent to deliver and bail jumping and was sentenced to concurrent terms of thirty years' imprisonment for the cocaine conviction and ten years' imprisonment for the bail jumping conviction. There were no appeals.

Applicant argues that his guilty pleas were not voluntary due to the ineffective assistance of his trial counsel. The trial court entered detailed orders designating issues for each application in 2009 and ordered that affidavits be filed. It does not appear that the ordered affidavits were filed,

however, and the disputed factual issues were not resolved. Rather, in 2014, the trial court signed the State's proposed findings that the applications be dismissed because "[A]pplicant is no longer confined pursuant to his conviction in the primary case, [so] Article 11.07 is not applicable and [A]pplicant is not entitled to relief thereunder." According to the habeas record, the trial court based its recommendations on affidavits indicating that Applicant is currently on release to parole in both cases. Parole release, however, still constitutes a restraint on liberty that permits review of Applicant's claims. *See* TEX. CODE CRIM. PROC. art. 11.22 (defining restraint as "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right").

According to Applicant, a sheriff's deputy stopped him for speeding but never issued a citation. Applicant claims there was no evidence showing he was speeding, and he argues the sheriff's stopping him was not lawful. Then, according to Applicant, a deputy constable arrived at the stop and immediately searched Applicant's vehicle without consent on the claim the constable could smell marijuana. The constable found no marijuana, but he did discover cocaine. Applicant contends that the constable's search was not lawful. Applicant indicates that he gave a confession but that the confession was not voluntary because it was given without the required warnings and was coerced through a false promise that he would be released after giving it. Applicant was charged with possessing with intent to deliver cocaine. He failed to appear at a court setting and was additionally charged with bail jumping. He pled guilty to both offenses without an agreed recommendation.

Regarding the cocaine offense, Applicant faults his counsel for not seeking to suppress the cocaine evidence discovered after an unlawful stop and search of his vehicle. He also faults his

counsel for not seeking to suppress his confession as involuntary. Regarding the bail jumping offense, Applicant claims that his trial counsel told him he did not need to appear and did not inform the trial court of this bad advice at or after the missed setting. To the contrary, Applicant claims that trial counsel demanded more money for the new bail jumping case. According to Applicant, he refused to pay and hired new counsel, who represented Applicant at the guilty pleas. He faults first counsel for giving him bad advice and for not informing the trial court that Applicant was not at fault for the missed court setting. He claims to have a tape recorded conversation that inculpates first counsel, and he claims second counsel listened to the recording. He faults second counsel for not using the tape-recorded conversation in his defense. Applicant also complains that no counsel discussed with him whether he could appeal the convictions, which appeals Applicant states he wanted to pursue.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order both first and second trial counsel to respond to Applicant's claims of ineffective assistance, involuntary plea, and denial of appeals. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of both of Applicant's trial counsel was deficient and, if so, whether the deficient performance prejudiced Applicant, whether Applicant's guilty pleas were voluntary, and whether Applicant was denied direct appeals through no fault of his own. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. Given the already lengthy delay in these cases, the issues shall be resolved within 60 days of the date of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 90 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 25, 2015
Do not publish